**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DENNIS PETERSON, ANDRE BROWN, and**
**MATHIAS DOXILLY,**

                  **Plaintiffs,**

**-vs-**                                                      **Case No.  6:07-cv-69-Orl-22DAB**

**P.D. TRUCKING, INC., and OMPRATAB**
**DINIDIAL,**

                  **Defendants.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration with oral argument on the following motion filed herein:

> **MOTION:**   **JOINT MOTION TO APPROVE SETTLEMENT (Doc. No. 37)**
>
> **FILED:**      **June 11, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

    This cause came on for consideration upon referral by the District Judge to determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354-55 (11th Cir. 1982).  If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations.  "When employees bring a private action

for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353 (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108, 66 S.Ct. 925, 928 n.8, 90 L.Ed. 1114).

The Eleventh Circuit has held that "[s]ettlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* A Settlement Fairness Hearing was held on June 22, 2007 with counsel for all parties participating[1].

Based on the representations of counsel, Plaintiffs were employed by Defendants as intrastate truck driver/delivery drivers. The parties disputed whether Plaintiffs were actually interstate truck drivers and whether the Motor Carrier Exemption would apply to their overtime claims. The amount of overtime Plaintiffs alleged was much disputed by both sides, with Plaintiffs seeking the amounts listed below and with settlements listed below:

---

[1] An additional opt-in Plaintiff has withdrawn his consent to join and **his claims should be dismissed without prejudice.** *See* Doc. No. 39.

| Plaintiff | Interrogatory Estimate | Actual based on Payroll Records | Settlement- Wages | Settlement- Att. Fees |
|---|---|---|---|---|
| Dennis Peterson | $7,600 | $3,324 | **$3,500** | **$2,667** |
| Andre Brown | $1,800 | $363 | **$363** | **$2,667** |
| Mathias Doxilly | $8,415 | $4,320 | **$4,320** | **$2,666** |

Doc. Nos. 14, 15, 20, 37. The settlements to Plaintiffs of the actual amounts for their unpaid wages foregoes liquidated damages amounts, but represents the full amounts of overtime sought after review of the payroll records.

The parties have agreed that Defendant will pay Plaintiffs' attorneys $8,000 total for all three claims in fees and $500 in costs. Plaintiffs' counsel accrued 42 hours in the process. Doc. No. 37. The amount of time devoted and the hourly rates are not unreasonable under the circumstances of this case.

Settlement in the amounts listed above to Plaintiffs for unpaid wages and liquidated damages, and $8,500 for attorney's fees and costs is a fair and reasonable settlement. It is **RECOMMENDED** that the settlement be accepted by the District Court as a "fair and reasonable resolution of a bona fide dispute" over FLSA issues and that the claims of Dave Law be dismissed without prejudice and thereafter the case be closed.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 22, 2007.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy